Robert G. Main, J.
This is the decision in the above-entitled proceeding under article 4 of the Civil Practice Law and Rules.
The undisputed facts are as follows: The Town of Warrens-burg is a second class town in the County of Warren, New York State. Albert L. Emerson, deceased, by his last will and testament, bequeathed to the town the sum of $150,000 for the erection and equipment of a town hall. The Town Board of the Town of Warrensburg has passed a resolution to purchase a tract of land fronting on Main Street, Warrensburg, New York, for the sum of $24,000. The purchase price is to be paid within 30 days after the receipt of the Emerson legacy and is to be paid therefrom.
*551 Petitioners have filed with the town officials a petition requesting a referendum on the resolution. The Town Board, contending that no referendum is necessary, has taken no steps to submit a proposition and petitioners have brought this proceeding to restrain the Town Board from proceeding with the purchase, unless and until a proposition has been submitted to the electorate of the town and approved by them.
The solution to this controversy depends principally upon the meaning of sections 81 and 220 of the Town Law, both of which have to do with the authority of such a Town Board to make acquisitions and expenditures for the town purposes therein enumerated. Prior to the year 1943, both of these sections made any such purchase and expenditure, as is now contemplated, subject to a referendum, either permissive or called by the Town Board of its own volition. The sections were amended, effective in 1945, to read in part as follows However, nothing contained in this section shall be construed to prevent the financing in whole or part, pursuant to the local finance law, of any expenditure enumerated in this section which is not authorized pursuant to this section”. Section 35:00 of the Local Finance Law which also became effective in 1945 provides that a resolution by a town, providing for an issue of bonds with a maturity of not more than five years, was to be effective immediately, but that if the period of maturity of the bonds was to be more than five years, then the resolution was subject to a referendum, in a town of the second class.
Following the amendment of sections 81 and 220, it is understandable that a certain amount of confusion arose as to their meaning as construed with section 35:00 of the Local Finance Law. Was it the expenditure only which was no longer subject to a referendum under sections 81 and 220 and was it still necessary to hold a referendum to determine whether the town should make the particular purchase or acquisition?
This question was resolved by the case of Matter of Town Bd. of Town of Islip (Fishman) (12 N Y 2d 321). In that case, the New York Court of Appeals decided that sections 81 and 220 of the Town Law required no referendum where the project was to be financed under the provisions of the Local Finance Law and that no referendum, permissive or otherwise, need be held, unless required by the provisions of the Local Finance Law. The court thus, in effect, decided that the word ‘1 expenditure ” as used in these sections of the Town Law, included acquisition.
Both sections 81 and 220 of the Town Law have now been amended to contain the following provision: 1 ‘ Any expenditure *552 financed in whole from moneys appropriated from surplus funds shall not he subject to referendum
While the facts in the instant proceeding are not identical to those in the Town of Islip case (supra) the principle is the same and we conclude, therefore, that where a Town Board of the second class passes a resolution to purchase land for a town hall to be paid for entirely from surplus funds, that the resolution to purchase is not subject to referendum.
As far as the electorate of the town is concerned, the funds to be received from the Emerson estate are surplus. They are not funds to be raised by taxation. The Town Board of the Town of Warrensburg has the right to accept this gift from the Emerson estate and, under the terms of the will, could use the money for no other purpose than to provide and equip the town hall. From the foregoing, it follows that the resolution in question is not subject to referendum and this proceeding is, therefore, dismissed.