■ In the Matter of JOHN POTTER, Appellant, v. RUSSELL G. OSWALD, as Chairman of the New York State Division of Parole, et al., Respondents. — MEMORANDUM BY THE COURT. The petitioner, a parole officer, instituted the proceedings to annul an unsatisfactory work performance rating for the year 1961 made by the respondents. This appeal is from a judgment dismissing the petition. The petitioner contends: 1. It was unlawful to be rated by a temporary supervisor. 2. There was no proper standard established by which his conduct could be evaluated. We find no merit to the first contention. The temporary supervisor was not competing with the petitioner for any position and the information which he supplied was part of the report from which the rating was made. The claim of personal grievance against the petitioner is not sustained in the record nor do we find that the commission violated any statutes or rules as suggested by the petitioner. As to the second contention, the record contains nine pages of an evaluation report of the petitioner for the year 1961, setting forth in substantial detail numerous instances which, in sum, were replete with facts sufficient to justify the determination of the Civil Service Commission. While the petitioner contested some of these instances, the ultimate finding and determination was neither arbitrary nor capricious. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ KENNETH L. SCHICK, Respondent, v. ALEXANDER FLEMING, Appellant. — *Per Curiam.* Concededly the accident occurred while both parties were within the time and space limits of their common employment; and in all the proof submitted upon the motion, including detailed examinations before trial, we find no indication that at the time of the accident either party was not acting in the course of his employment. Order reversed, on the law and the facts, and motion to dismiss complaint granted, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of ROBERT G. GRIFFIN et al., Appellants, v. TOWN BOARD OF THE TOWN OF WARRENSBURG, NEW YORK, Respondent. — HAMM, J. — Appeal from a judgment dismissing a petition to require the respondent to conduct a referendum and for incidental relief. We agree with Special Term that the bequest to the town ." to be used by said Town for the erection and equipment of a Town Hall" constituted surplus funds within the meaning of section 220 of the Town Law and that the bequest encompassed the acquisition of land to effectuate the testator's intention. Judgment affirmed, without costs. Herlihy, J. P., Taylor and Aulisi, JJ., concur. [43 Misc 2d 550.]